VERONICA ARECHEDERRA HALL, Bar No. 5855
Veronica.hall@jacksonlewis.com
MARCUS B. SMITH, Bar No. 12098
Marcus.smith@jacksonlewis.com
**JACKSON LEWIS LLP**
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 921-2460
Fax: (702) 921-2461

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DOROTHY COLEMAN, | Case No. 2:12-cv-01246-JCM-CWH |
| Plaintiff, | |
| v. | |
| VICTORIA PARTNERS and MGM RESORTS INTERNATIONAL d/b/a MONTE CARLO RESORT AND CASINO, | VICTORIA PARTNERS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN ITS ENTIRETY |
| Defendant. | |

Defendant Victoria Partners dba Monte Carlo Resort and Casino ("Victoria Partners") moves to dismiss Plaintiff Dorothy Coleman's ("Plaintiff") Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). This motion is made and based on the attached Memorandum of Points and Authorities, Plaintiff's Complaint, and any oral argument this Court deems appropriate.

Respectfully submitted this 20 day of September, 2012.

JACKSON LEWIS LLP

_____
Veronica Arechederra Hall, #5855
Marcus B. Smith, #12098
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

*Attorneys for Defendant*

-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. **INTRODUCTION**

In this motion, Victoria Partners merely asks the Court to recognize Plaintiff's complaint for what it is: a classic case of lazy pleading practice ripe for dismissal under *Iqbal* and *Twombly*. Plaintiff's Complaint literally consists of only a few material factual allegations, which are nothing more than conclusory statements and recitations of the elements of her claims. Plaintiff's burden under *Iqbal* and *Twombly* is not onerous—she merely needs to allege facts sufficient to state a valid claim for relief—but *it is* her burden, not the Court's. The situation is akin to the Plaintiff submitting a puzzle to the Court and expecting it to put it together for her. Indeed, Plaintiff's complaint is something of an enigma in various respects.

First, Plaintiff completely fails to allege that either Title VII or the ADEA even apply to Defendant Victoria Partners. Title VII only applies to employers with at least fifteen employees and the ADEA only applies to employers with at least twenty employees. Yet, Plaintiff completely fails to allege that Victoria Partners falls into those categories—apparently expecting the Court to simply assume that they do. However, the Court can only accept as true facts that are actually alleged.

Second, even taking all of the facts Plaintiff alleges as true, they still fall far short of stating a claim for relief under *Iqbal* and *Twombly*. Her barebones allegations are not entitled to an assumption of truth under *Iqbal* and *Twombly*, and even if they are assumed to be true the allegations are insufficient to allow the Court to infer misconduct on the part of Victoria Partners.

Third, Plaintiff only lists *one* cause of action in her complaint, but she includes both of her claims under that cause of action. Plaintiff then confusingly blends the rest of her Complaint together without drawing any distinction between these two claims, thereby leaving the Defendant's in the dark in knowing what she is actually alleging as to each claim. By pleading

her claims together under a single cause of action, Plaintiff violates Rule 10(b)'s requirement to list the claims separately when doing so would promote clarity—and Plaintiff's Complaint is anything but clear. Accordingly, for all these reasons the Court should dismiss Plaintiff's Complaint in its entirety.

## II.  STATEMENT OF FACTS

The facts alleged are few and, as discussed below, entirely inadequate. Victoria Partners (dba the Monte Carlo) is a hotel and casino located on the world-renowned Las Vegas Strip. Plaintiff was hired by Victoria Partners in 1996 to work as a Cashier at the Monte Carlo. She alleges that she was discriminated against and denied equal terms and conditions of her employment by her supervisor on the basis of "age and/or race." She alleges no other facts supporting this allegation.

Plaintiff filed a Charge of Discrimination with the Nevada Equal Rights Commission ("NERC") and Equal Employment Opportunity Commission ("EEOC") in May 2011. Thereafter, on July 14, 2012, Plaintiff commenced this lawsuit, apparently asserting two claims: (1) Title VII Race Discrimination, and (2) ADEA Age Discrimination. Victoria Partners now seeks dismissal of both claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## III.  STANDARD OF REVIEW

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

## IV. ARGUMENT

### A. Title VII and ADEA Legal Standard

Because Plaintiff pleads her claims together (albeit improperly and confusingly), Victoria Partners has no choice but to discuss them together. In order to state a *prima facie* case of discrimination on the basis of either race or age, Plaintiff must adequately allege (1) she is a member of a protected class, (2) she was performing her job in a satisfactory manner, (3) she suffered an adverse employment action, and (4) other similarly situated employees outside of her protected class were treated more favorably. *Aragon v. Republic Silver State Disposal Inc.*, 292

F.3d 654, 659 (9th Cir. 2002).  With respect to her claim for age discrimination, Plaintiff must also allege that age was the "but for" cause of the adverse employment action.  *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343, 2351 (2009).

### B. Plaintiff's Complaint Should be Dismissed Because She Fails to Allege that Victoria Partners is Covered by Title VII and the ADEA

First, and perhaps most importantly, Plaintiff completely fails to allege that either Title VII or the ADEA even apply to Victoria Partners.  This is fatal to Plaintiff's complaint.  Title VII only applies to employers with fifteen or more employees in an industry affecting commerce, 42 U.S.C. § 2000e(b), and the ADEA only applies to employers with at least twenty employees, 29 U.S.C. § 630(b).  In her complaint, Plaintiff simply names Victoria Partners as a Defendant, alleges it is a Nevada partnership licensed to operate in Nevada, and then moves on. (Compl. at ¶ II).  She never actually alleges that Victoria Partners is a statutory employer under Title VII and the ADEA—apparently expecting the Court to just assume that this is true.  However, the Court may only accept as true the facts that are actually alleged, *Iqbal*, 129 S. Ct. at 1949, which is not the case here.  The Court should therefore dismiss Plaintiff's Complaint on this basis alone.

### C. Plaintiff Also Fails to Allege Sufficient Facts of Race and Age Discrimination

Even setting aside the statutory employer issue, the allegations in Plaintiff's Complaint fall far short of *Iqbal* and *Twombly*'s pleading standards.  She makes only two barebones allegations regarding the essential elements: (1) of her claims that she was "discriminated against and denied equal terms and conditions of her employment by her supervisor because of her age and/or race," and (2) that "[o]ther similarly situated employees not of her protected class have been treated more favorably." (Compl. at ¶ III).  That is it.  She does not allege which terms and conditions of her employment she was denied, how the other similarly situated employees were treated more favorably, or any facts of race or age bias for that matter.  Furthermore, she supports

these conclusory statements and recitals of the elements of her claims with no facts. Consequently, these allegations are not entitled to an assumption of truth under *Iqbal* and *Twombly*. *Iqbal*, 129 S. Ct. at 1949-50.

However, even if the Court were to accept these allegations as true, they are insufficient to allow the Court to reasonably infer that Victoria Partner's discriminated against Plaintiff. Even at the pleadings stage, Plaintiff must establish that success on the merits is more than a "sheer possibility." *Iqbal*, 129 S. Ct. at 1949. To say that Victoria Partner's engaged in misconduct on these facts would be pure speculation. Therefore, the Court must dismiss Plaintiff's complaint in its entirety.

B.   **Plaintiff's Fails to Separately List Her Claims as Required by Rule 10(b)**

To further demonstrate the general inadequacy of Plaintiff's Complaint, Victoria Partners calls the Court's attention to the following. Rule 10(b) of the Federal Rules of Civil Procedure states, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." In her Complaint, Plaintiff only lists *one* cause of action but she includes claims under Title VII and the ADEA under that one ause of action. Plaintiff then only makes two allegations with respect to her one cause of action—namely, that she was discriminated against and denied equal terms and conditions of her employment, and that other similarly situated employees were treated more favorably. (Compl. at ¶ III).

Not only does Plaintiff fail to allege any specific conduct in this allegation (other than to say that she was discriminated against), she also fails to delineate the conduct that pertains to her Title VII claim and the conduct that pertains to her ADEA claim. Consequently, both the Court and Victoria Partners is left completely in the dark in knowing what Plaintiff is actually alleging as to each claim. Furthermore, it is not the Court's job to explore Plaintiff's Complaint and

formulate her claims for her. *See e.g., U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). It is Plaintiff's job to clearly organize her claims, and she has failed to do so here. This causes a genuine lack of clarity because the claims are different in many respects. For example, the damages are different, the ADEA permits a plaintiff to obtain liquidated damages, 29 U.S.C. § 626(b), but Title VII does not, 42 U.S.C. § 2000e-5. Therefore, Plaintiff's Complaint is inadequate in essentially every material respect, and should be dismissed as such.

V.   **CONCLUSION**

For each and all of the reasons set forth above, Defendant respectfully requests this Court dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted this 20 day of September, 2012.

JACKSON LEWIS LLP

_____
Veronica Arechederra Hall, #5855
Marcus B. Smith, #12098
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee Jackson Lewis LLP and that on this 20 day of September, 2012, I caused to be sent via ECF filing, a true and correct copy of the above and foregoing **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN ITS ENTIRETY** properly addressed to the following:

Richard Segerblom
704 S. Ninth St.
Las Vegas, NV 891001

_____
Employee of Jackson Lewis LLP

4810-7887-2849, v. 1